

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DEBORAH S. GORDON, | ) | CASE NO. 15-30275-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion to Reopen Case and Suspend or Withdraw Order of Discharge" (Docket No. 18). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Deborah S. Gordon ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 9, 2015.

On January 12, 2015, the Clerk gave notice of the meeting of creditors. The meeting of creditors was set for February 17, 2015.

The meeting of creditors was reset to March 2, 2015, March 16, 2015, April 6, 2015, and April 27, 2015.

A discharge was entered on April 21, 2015. (Docket No. 12). The instant Chapter 7 case remains open.

In the instant motion, Debtor requests "that this case be reopened and the discharge be suspended or withdrawn" until three reaffirmation agreements have been completed. (Docket No. 18).

At the hearing on the instant motion, Debtor testified that she reached an oral agreement with each of three creditors for reaffirmation prior to the entry of discharge. She testified that she has not reached written agreements with any of the three creditors. Debtor's counsel stated that he withheld the written reaffirmation agreements, believing that the meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code should be completed first.

## Conclusions of Law

Section 524(c)(1) of the Bankruptcy Code requires that a reaffirmation agreement be "made before the granting of the discharge." 11 U.S.C. § 524(c)(1).

Section 524(c)(2) of the Bankruptcy Code requires that written disclosures be given by a creditor "at or before the time at which the debtor signed the agreement."
11 U.S.C. § 524(c)(2).

Section 524(c)(3) of the Bankruptcy Code requires that the reaffirmation agreement be "filed with the court."

11 U.S.C. § 524(c)(3).

The requirements of Sections 524(c)(1), 524(c)(2), and 524(c)(3) make clear that a signed written agreement is required, before the granting of discharge.  See In re Karras, 165 B.R. 636 (N.D. Ill. 1994).

Bankruptcy Rule 4008(a) requires that a reaffirmation agreement be filed no later than 60 days after the first date set for the meeting of creditors.

Bankruptcy Rule 4004(c)(1) requires that the court forthwith grant the discharge on expiration of the time fixed for objecting to discharge.

Bankruptcy Rule 4004(c)(2) provides that, notwithstanding Bankruptcy Rule 4004(c)(1), "on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that, the court may defer entry of the order to a date certain."

Bankruptcy Rule 4004(a) requires that a complaint objecting to discharge be filed no later than 60 days after the first date set for the meeting of creditors.

Under Bankruptcy Rule 9006, the time to object to discharge can be extended only to the extent permitted in Bankruptcy Rule 4004(b).

With exceptions not pertinent to the instant case, Bankruptcy Rule 4004(b) requires that a motion be filed before

the time to object to discharge expires.

The bankruptcy court lacks authority to vacate a discharge in order to allow the debtors to enter into a reaffirmation agreement.  In re Rigal, 254 B.R. 145 (Bankr. S.D. Tex. 2000).

In the instant case, Debtor did not enter into a written agreement before the discharge was entered.  Debtor did not timely file either a motion to defer entry of discharge, or a motion to extend the time to object to discharge.  The court thus lacks the power to extend the time to file a reaffirmation agreement.  The court concludes that the relief sought in the instant motion is futile, because the court could not extend the time to "make" a reaffirmation agreement.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Reopen Case and Suspend or Withdraw Order of Discharge" (Docket No. 18).

Signed at Houston, Texas on July 6, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE